Matter of Jesus G.

2026 NY Slip Op 02371

April 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Jesus G., a Person Alleged to Be a Juvenile Delinquent, Appellant. Presentment Agency

Decided and Entered: April 21, 2026

Docket No. D-24208/24|Appeal No. 6007|Case No. 2025-01845|

Before: Moulton, J.P., Pitt-Burke, O'neill Levy, Michael, Chan, JJ.

Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Karin Wolfe of counsel), for Presentment Agency.

[*1]

Order of disposition, Family Court, Bronx County (Ronna H. Gordon-Galchus, J.), entered on or about February 28, 2025, which adjudicated appellant a juvenile delinquent, upon his admission that he committed acts which, if committed by an adult, would constitute the crimes of criminal possession of stolen property in the fifth degree and unauthorized use of a vehicle in the third degree, placed him on probation for a period of 15 months, and ordered him to pay restitution of $1,000.00, unanimously modified, on the law, to vacate the restitution award, and otherwise affirmed, without costs.

The case against appellant arises out of an incident in which an unapprehended person threatened and assaulted a car driver, who fled the car. Appellant then got into the car and drove it a few blocks before abandoning it. The car was recovered approximately one year later in inoperable condition. The driver's sworn witness affirmation and signed victim impact statement both state that he bought the car for $4,100 one month before the incident, and the car's post-recovery condition constituted a "total loss." At the time of the offense, appellant was 17 years old.

Appellant seeks vacatur of the restitution order, arguing that the Family Court improperly ordered $1,000 in restitution where his admission did not include an agreement to pay restitution or an admission of property damage. He further argues that a hearing was required to determine the value of the damage incurred, that no reliable evidence established irreparability of the car or cost of repair or replacement, and that the car driver's lost wages do not form a basis for restitution under the Family Court Act. Finally, appellant argues that the Court should have considered his ability to pay the restitution award.

The Family Court may order a juvenile offender to pay restitution in an amount not exceeding $1,500.00 which represents the "fair and reasonable" cost to "replace the property [or] repair the damage caused by the respondent" (Family Court Act § 353.6[1][a]). Whether restitution is warranted lies within the court's discretion (Matter of Joshua C., 65 AD3d 971 [1st Dept 2009]; Matter of Daytrill H. 32 AD3d 736 [1st Dept 2006], lv denied 8 NY3d 802 [2007]). Restitution may be awarded not merely for the cost of repairing damaged property but also for replacing it (see Family Court Act § 353.6[1][a]). The Court has held in similar circumstances that misdemeanor petit larceny (Penal Law § 155.25) and possession of stolen property are sufficient to support an award of restitution (see e.g. Matter of Daytrill H., 32 AD3d at 736, Matter of Deandre Mc., 124 AD3d 786, 788 [2d Dept 2015]).

[*2]

The car driver's affirmation and victim impact statement establish that the car was purchased for $4,100 one month before the incident and was completely damaged and not drivable upon return to its owner. A victim impact statement specifying the cost to the victim to replace the property may be sufficient to support a calculation of restitution (see Matter of Jennifer A., 73 AD3d 566, 567 [1st Dept 2010]). Here, appellant admitted to stealing the car, rendering the car subject to Family Court Act § 353.6(1)(a), and the Presentment Agency established that the restitution award represented the "fair and reasonable" cost of replacement by a preponderance of the evidence. (Family Court Act §§ 350.3 [1], [2], 353.6[1]).

However, as appellant's admission did not include any agreement to pay restitution, we find that it should not have been ordered (see Matter of Rashid F., 300 AD2d 960, 962 [3d Dept 2002]). Here, no claim for restitution was made in the charging document and the Presentment Agency did not indicate that it would seek restitution at disposition until January 16, 2025, well after appellant's November 19, 2024 admission which did not include an agreement to pay restitution. Accordingly, the restitution award should be vacated.

In light of our determination, we need not reach appellant's remaining arguments.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 21, 2026